UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| BLUE HILL SPECIALTY INSURANCE CO | CASE NO.  2:23-CV-01453 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| BITCO GENERAL INSURANCE CORP ET AL | MAGISTRATE JUDGE LEBLANC |

MEMORANDUM RULING

Before the court is a Motion to Abstain [doc. 24] filed by defendants BITCO General Insurance Company ("BITCO"), Robert Singletary, and Bennett Timber Company LLC ("Bennett"). The motion is regarded as unopposed.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on November 28, 2022, between defendants Thomas Larson and Robert Singletary. Singletary, who is an independent contractor of Bennett, alleges that both he and Larson were working at the Packaging Corporation of America plant in Beauregard Parish when Singletary's 18-wheeler broke down on the weight scales of the truck check-in center. Doc. 24, att. 3, ¶ 3. He further alleges that Larson was attempting to pull Singletary's 18-wheeler away from the scales but inadvertently struck Singletary, pinning him between the two vehicles and causing disabling injuries. *Id.* at ¶¶ 4–5.

After the accident, BITCO began paying worker's compensation benefits to Singletary pursuant to an insurance policy issued to Bennett. BITCO sent a letter to Blue

Hill Specialty Insurance Company ("Blue Hill"), insurer of Larson's vehicle, on January 30, 2023, notifying it of the potential worker's compensation lien and subrogation claim. Doc. 24, att. 1. Blue Hill denied the claim. Doc. 24, att. 2. Blue Hill then filed a complaint for declaratory judgment in this court on October 13, 2023, alleging that "many other individuals and entities may make claims or bring suit against Plaintiffs for damages allegedly arising from the Accident." Doc. 1, ¶ 33. Accordingly, Blue Hill seeks a declaration from the court as to whether it owes defense or indemnity to any of the following defendants for damages arising from the above-described accident: BITCO, Larson, T&D Trucking Leesville LLC (Larson's employer), Singletary, and Bennett. *Id.*

The following month, Singletary and his wife filed a petition for damages against Larson, T & D Trucking, and Blue Hill in the 30th Judicial District Court, Vernon Parish, Louisiana.[1] Doc. 24, att. 3. BITCO intervened in the state court action to recover worker's compensation benefits paid to Singletary. Doc. 24, att. 4. Blue Hill has also answered the suit, asserting that its policy does not provide coverage for plaintiff's claims because his damages arise from the actions of a fellow employee. Doc. 24, att. 5.

Defendants BITCO, Singletary, and Bennett now move the court to abstain from ruling on Blue Hill's request for declaratory relief and dismiss this action in favor of the state court proceedings. Doc. 24. No party has filed a response to the motion within the court's deadlines. Accordingly, the motion is regarded as unopposed.

---

[1] Though the accident occurred in Beauregard Parish, both Larson and Singletary reside in Vernon Parish. Doc. 24, att. 3.

## II.
## LAW & APPLICATION

### A. Legal Standard

The Declaratory Judgment Act provides, in relevant part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The court must "yield[] to considerations of practicality and wise judicial administration" in deciding whether to exercise jurisdiction over such matters. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Courts in the Fifth Circuit use a three-step inquiry in this determination, asking (1) whether the case is justiciable, (2) whether the court has the authority to grant declaratory relief, and (3) whether the court's discretionary exercise of jurisdiction is appropriate. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

The first two elements are not disputed by movants, and the court determines that they are satisfied. Accordingly, it examines the discretionary element using the factors set forth in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994):

(1) Whether there is a pending state action in which all the matters in controversy may be fully litigated;

(2) Whether the plaintiff filed suit in anticipation of a lawsuit by defendant;

(3) Whether the plaintiff engaged in forum shopping in bringing the suit;

(4) Whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums;

(5) Whether the federal court is a convenient forum for the parties and witnesses;

(6) Whether retaining the lawsuit would serve the purpose of judicial economy; and

(7) Whether the federal court is being called on to construe a state judicial decree involving the same parties entered by the same court before which the parallel suit is pending.

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 (5th Cir. 2003).

**B. Application**

Defendants admit that the seventh factor is not at issue in this matter. The first, second, fourth, and sixth factors in the *Trejo* analysis, however, weigh in favor of abstention. Blue Hill's petition references the potential for additional litigation, which was filed shortly thereafter in state court. All claims between the parties may be resolved in that litigation. Accordingly, it would not serve the interests of judicial economy for the court to proceed with this declaratory matter when the entire action may be resolved in the more inclusive state court matter. Because the court's findings in this action will be preclusive on issues in the state court, allowing the declaratory action to proceed also runs counter to the fairness considerations outlined under the fourth factor.

The fifth factor is neutral. Mr. Larson and Mr. Singletary are domiciled in Vernon Parish, which neighbors the parish where the accident occurred. The seat of this division is Lake Charles, located over 60 miles from the parish seat of Vernon Parish. As another court of this district recently pointed out, however, declaratory actions are usually resolved on summary judgment without any appearance required by the parties. *Houston Spec. Ins. Co. v. Ascension Ins. & Supply, Inc.*, 2018 WL 3800052, at *3 (W.D. La. Jul. 25, 2018). In

the event of a trial, the distance is not significant enough to be a factor—especially because both Beauregard and Vernon Parishes lie within this division's territorial jurisdiction.

Finally, defendants argue that the third factor weighs in favor of abstention because Blue Hill was forum shopping. To this end they note it has taken advantage of filing a declaratory action in federal court while the state court suit cannot be removed due to the presence of an in-state defendant. The court is unprepared to reach this conclusion, however. "[M]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it is not abusive forum-shopping." *Canal Ins. Co. v. XMEX Transp., LLC*, 1 F.Supp.3d 516, 528 (W.D. Tex. 2014) (cleaned up). Instead, the Fifth Circuit has pointed to examples such as attempting to change the substantive law that would apply or filing a declaratory action while the defendant was unable to bring a state court action of its own and thus engaging in a "race to *res judicata*." *Sherwin-Williams*, 343 F.3d at 399. Neither situation applies here. Defendants note that Louisiana law will be applied by either court, as set forth in Blue Hill's complaint, and the state court action is already proceeding. *See* doc. 1. The mere fact that the state court suit is unremovable is insufficient for this court to find "procedural fencing." Accordingly, this factor is likewise neutral. Yet the balance still weighs in favor of abstention and the motion will be granted.

## III.
### Conclusion

For the reasons stated above, the Motion to Abstain [doc. 24] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 15th day of March, 2024.

*[signature]*
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE